**Joseph KASWAN, Plaintiff,**

v.

**The VETERANS' ADMINISTRATION OF the GOVERNMENT OF the UNITED STATES, Defendant.**

**No. CV–80–2273.**

United States District Court, E. D. New York.

Dec. 31, 1980.

---

Joseph Kaswan, pro se.

Edward R. Korman, U. S. Atty., E. D. New York, by Igou M. Allbray, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff has brought this action seeking "review of the Findings and Decision of the Board of Veterans' Appeals." The Board of Veterans' Appeals recently denied plaintiff's claim for an increased disability rating. In so doing, the Board is alleged to have misapplied the applicable law.

Specifically, plaintiff alleges that the defendant failed to explore adequately the extent of the injury to his leg in that it did not give tests of the strength and endurance of the muscle groups involved. The defendant also is alleged to have paid inadequate attention to the plaintiff's testimony and that of the surgeon who operated on him. Defendant is said to have "relied on its own employees for the most advantageous rating for the VA, not for me."

Plaintiff also questions the accuracy of defendant's hearing tests, alleging that the result of those tests demonstrate an inconsistency which throws into question any use of the test results.

Plaintiff, in essence, alleges that defendant misapplied the law to the facts of his case, failed to develop adequately the medical evidence in his case, relied on unreliable evidence, and ignored medical evidence in plaintiff's favor.

Defendant has moved to dismiss, arguing that this suit is barred by 38 U.S.C. § 211(a), 28 U.S.C. § 1346(d), and sovereign immunity; that plaintiff has not stated a claim upon which relief can be granted; and that the VA is not a proper party defendant. Defendant has also argued that plaintiff is not entitled to a jury trial. We need reach only the first of defendant's arguments. The motion to dismiss is granted because this suit is barred by 38 U.S.C. § 211(a), which provides:

> "On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

This suit falls squarely within the meaning of § 211(a), which has been described by the Supreme Court as barring review by the courts of a decision by the Administrator "in the interpretation or application of a particular provision of the statute to a particular set of facts." *Johnson v. Robison*, 415 U.S. 361, 367, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974). Only where plaintiff's challenge is to the constitutionality of the statute may this Court assert jurisdiction to review the Administrator's decision. *An-*

**360**

derson v. Veterans' Administration, 559 F.2d 935 (5th Cir. 1977); *Cox v. United States Veterans' Administration,* 470 F.Supp. 1208 (N.D.Tex.1979). No such challenge has been made here. Nor is there any basis for construing plaintiff's claim even most liberally as raising a constitutional issue. The motion to dismiss is accordingly granted.

The Clerk is directed to enter judgment dismissing the complaint and to mail a copy of the within to all parties.

SO ORDERED.